## JACOB W. REED *vs.* SILAS ANDERSON.

A party who produces a paper at the trial, on the call of the adverse party, is not entitled to read such paper in evidence for himself, after the party calling for it has inspected it and declined to use it, unless it appear to be the identical instrument called for.

The rejection of evidence of the incompetency of a witness, for want of religious belief, not offered until all the evidence is closed for both parties, although before the arguments are commenced, is matter of discretion and not open to exception.

THIS was an action of contract to recover the price of a lot of doors. At the trial in the court of common pleas before *Byington*, J., a witness for the plaintiff testified, that he made a bill of sale of the doors from the plaintiff to the defendant, and delivered it to the defendant. The defendant having been notified, before the trial, to produce the bill of sale given at the time of sale and delivery of the doors by the plaintiff, did produce a paper which he alleged was the bill in question, but which the plaintiff denied. The witness who made the bill which had been called for, testified that the bill produced by the defendant was not the bill he delivered him at the time of sale, and the plaintiff declined to read it in evidence. The defendant then contended that having produced a document on the plaintiff's call, he was entitled to use it as evidence to the jury, and also to test the credit of the witness. The presiding judge, being of opinion that the bill produced was not proved to be the one called for, rejected the evidence.

After all the evidence was introduced, but before the arguments were commenced, the defendant offered to prove a fact which he said had just come to his knowledge, viz: that the only witness examined in the case was incompetent for want of religious belief. The judge refused to receive the evidence, and the verdict being for the plaintiff, the defendant excepted to the aforesaid rulings.

*S. H. Phillips*, for the defendant.

*W. C. Endicott*, for the plaintiff.

BIGELOW, J. The defendant does not bring his case within

the rule, which allows a party to read in evidence a paper pro-duced by himself on notice, after the same has been taken and inspected, but not used by the party calling for it. To render a paper competent, under such circumstances, it must appear that it was the identical paper called for; otherwise, a party might foist into the case documents not sought for by the adverse party, and thus manufacture evidence in his own favor. In the present case, the testimony clearly showed, that the paper produced by the defendant was not the bill of sale which the plaintiff had notified the defendant to pro-duce. It was not, therefore, competent for the defendant to use it for any purpose.

The rejection of evidence concerning the religious belief of the witness, was, under the circumstances, solely within the discretion of the court below, and is not a proper ground of exception. *Exceptions overruled.*